Mary Ann McGUIRE, Ruth Schiavone and Jean B. Zarella, Plaintiffs,

v.

Thomas REILLY, et al., Defendants.

No. Civ.A. 00–12279–EFH.

United States District Court, D. Massachusetts.

Aug. 28, 2001.

As Amended Aug. 30, 2001.

Thomas M. Harvey, Boston, MA, for plaintiffs.

Elizabeth K. Frumkin, Asst. Attorney General, Patricia Correa, Asst. Attorney General, Adam Simms, Asst. Attorney General, Boston, MA, for defendants.

## *STATUS MEMORANDUM AND SCHEDULING CONFERENCE ORDER*

HARRINGTON, Senior District Judge.

This Court held the Act, Mass.Gen.L. ch. 266, § 120E½, facially unconstitutional because under the Act employees and agents of abortion clinics have the right to express their pro-abortion views within the restricted areas; whereas anti-abortion protestors are prohibited from expressing their anti-abortion views within the same areas. *McGuire v. Reilly*, 122 F.Supp.2d 97 (D.Mass.2000).

The Court of Appeals for the First Circuit held the Act facially constitutional, although the Act accorded differential treatment to the expression of two disparate views on the issue of abortion, on the ground that it promoted public safety, personal security, smooth traffic flow, and effective medical services.

The Court of Appeals further ruled that there was no evidence that employees and agents had in fact exercised their statutory right to protest, educate or counsel.[1] *McGuire v. Reilly*, 260 F.3d 36 (1st Cir. 2001). The Court of Appeals stated that if employees and agents do in fact exercise their statutory right to engage in preferential pro-abortion advocacy "the plaintiffs remain free to challenge the act, as applied, in a concrete factual setting." (Page 24 of slip opinion).

A scheduling conference is set for Monday, September 17, 2001 at 2:00 P.M. in Courtroom No. 19 on the Seventh Floor, to determine the course the parties are to pursue in light of the Court of Appeals' decision and to establish a schedule.

SO ORDERED.

---

1. This Court had erroneously found that they had exercised their statutory right based on their financial and philosophical relationship with the clinic and their function as volunteer escorts "to help provide safe, unimpeded clinic access for women" (Exhibit I) attempting to exercise their constitutional rights in the face of anti-abortion protests.